IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR-BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF BEAR STEARNS COMMERCIAL MORTGAGE SECURITIES INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, 2005-PWR9 | § § § § § § § § § § § § § § | CIVIL ACTION 4:14-CV-00570 |
| VS. | § § | |
| GRAYSON HOSPITALITY, INC., TEXOMA HOSPITALITY, INC., ATOKA HOSPITALITY INC., KRN ENTERPRISES, INC., MCALESTER HOSPITALITY, INC., AND NORMAN HOSPITALITY, INC. | § § § § § § § | |

**DEFENDANTS' ORIGINAL ANSWER, RESPONSE IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR APPOINTMENT OF RECEIVER, AND COUNTERCLAIM**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Defendants, Grayson Hospitality, Inc., Texoma Hospitality, Inc., Atoka Hospitality, Inc., KRN Enterprises, Inc., McAlester Hospitality, Inc. and Norman Hospitality, Inc. (hereinafter collectively referred to as defendants), in the above-styled and numbered cause and file

this their Original Answer, Response in Opposition to Plaintiff's Application for Appointment of Receiver, and Counterclaim, and in support thereof would respectfully show the court as follows:

Except as specifically admitted in this Original Answer, all material averments of fact and law set forth in Plaintiff's Original Complaint are denied pursuant to Rule 8(b) of the Federal Rules of Civil Procedure (hereinafter "Rule[s]"). Defendants deny that U.S. Bank National Association is a successor-in-interest to the loans made the subject of this lawsuit.

1. Defendants admit that Plaintiff seeks the appointment of a receiver. Defendants deny that the "properties" are Plaintiff's collateral. More specifically, Plaintiff lacks standing to sue because it has not established that it is the owner and holder of the notes in question. Thus, Defendants move the court to dismiss this suit pursuant to FED.R.CIV.P. 12(b)(1). Defendants admit the remaining averments in paragraph 1 of Plaintiff's Complaint.

2. Defendants deny that the Court should appoint a receiver for the Properties. Defendants further deny that they have committed gross and/or willful mismanagement of the Properties causing immediate substantial and irreparable harm to the value of the Properties. Defendants admit that two of the Properties had their franchise agreements terminated.

3 Defendants admit that the two franchise terminations have caused some damage to the value of the Properties. Defendants deny that they have no intention of securing new flags for the Properties.

4. The averments contained in paragraph 4 of Plaintiff's Complaint are denied.

5. The averments contained in paragraph 5 of Plaintiff's Complaint are denied.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint.

7. The averments contained in paragraph 7 of Plaintiff's Complaint are admitted.

8. The averments contained in paragraph 8 of Plaintiff's Complaint are admitted.

9. Defendants deny that the Oklahoma borrowers transact business in Texas. The Oklahoma hotel defendants do not have sufficient minimum contacts with the forum state to give this court jurisdiction over their property. Defendants assert that this district is too inconvenient to the defendants and witnesses. Consequently, Defendants move the court to transfer venue to a district in Oklahoma pursuant to 28 U.S.C § 1404(a). Defendants admit that the Texas borrowers are subject to personal jurisdiction in Texas.

10. Defendants deny that venue is proper in this District, deny that a substantial part of the Property is situated in this District, and deny that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

11. Defendants deny that they are indebted to this Plaintiff. Defendants admit the remaining averments in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny that all of the funds advanced pursuant to the Notes were used in connection with the six hotel properties.

13. The averments contained in paragraph 13 of Plaintiff's Complaint are admitted.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint.

15. Defendants admit the first sentence of paragraph 15 of Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence. Defendants admit the remaining averments contained in paragraph 15.

16. Defendants deny that Plaintiff is the current owner of the loan documents.

17. Defendants deny that it owes this Plaintiff any amounts.

18. Defendants admits to the language contained in the Mortgage.

19. The averments contained in paragraph 19 of Plaintiff's Complaint are admitted.

20. The averments contained in the first three sentences of paragraph 20 of Plaintiff's Complaint are denied. The remaining averments in paragraph 20 are admitted.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 21 of Plaintiff's Complaint. Defendants deny the second sentence in paragraph 21, and admits the remaining paragraphs.

22. The averment contained in paragraph 22 of Plaintiff's Complaint are denied.

23. Defendants admit to the language contained in the Security Instruments.

24. The averments contained in paragraph 24 of Plaintiff's Complaint are denied.

25. The averments contained in paragraph 25 of Plaintiff's Complaint are denied.

26. The averments contained in paragraph 26 of Plaintiff's Complaint are denied.

27. The averments contained in paragraph 27 of Plaintiff's Complaint are denied.

28. Defendants admit to the language in the Mortgages. Defendants deny the remaining averments in paragraph 28.

30. Defendants admit to the language contained in FRCP 66 and 28 U.S.C. § 1692.

31. Defendants admit to the language contained in 28 U.S.C. § 754.

32. The averments contained in paragraph 32 of Plaintiff's Complaint are denied.

33. The averments contained in paragraph 33 of Plaintiff's Complaint are denied.

34. The averments contained in paragraph 34 of Plaintiff's Complaint are denied.

35. The averments contained in paragraph 35 of Plaintiff's Complaint are denied.

36. The averments contained in paragraph 36 of Plaintiff's Complaint are denied.

37. The averments contained in paragraph 37 of Plaintiff's Complaint are denied.

38. The averments contained in paragraph 38 of Plaintiff's Complaint are denied.

39. The averments contained in paragraph 39 of Plaintiff's Complaint are denied.

40. The averments contained in paragraph 40 of Plaintiff's Complaint are denied.

41. The averments contained in paragraph 41 of Plaintiff's Complaint are denied.

42. Defendants deny the first and third sentences in paragraph 42 of Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 42.

43. The averments contained in paragraph 43 of Plaintiff's Complaint are denied.

44. The averments contained in paragraph 44 of Plaintiff's Complaint are denied.

47. The averments contained in paragraph 47 of Plaintiff's Complaint are denied.

48. The averments contained in paragraph 48 of Plaintiff's Complaint are denied.

49. The averments contained in paragraph 49 of Plaintiff's Complaint are denied.

51. Defendants admit to the language contained in the Security Instruments.

52. The averments contained in paragraph 52 of Plaintiff's Complaint are denied.

53. The averments contained in paragraph 53 of Plaintiff's Complaint are denied.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in the first sentence of paragraph 55. Defendants deny the remaining averments.

56. The averments contained in paragraph 56 of Plaintiff's Complaint are denied.

57. The averments contained in paragraph 57 of Plaintiff's Complaint are denied.

58. The averments contained in paragraph 58 of Plaintiff's Complaint are denied.

59. The averments contained in paragraph 59 of Plaintiff's Complaint are denied.

## **AFFIRMATIVE DEFENSES**

60. By way of further answer, Defendants affirmatively plead that Plaintiff's own acts or omissions, or the actions of third parties, or co-defendants yet to be joined caused or contributed to the injuries and/or damages it is claiming of, if any. Defendants plead the defenses of proportionate responsibility/contributory negligence, contribution and indemnity.

70. Defendants further assert the defense of unclean hands. With regard to any equitable relief that the Plaintiff is seeking, the Court should refuse to grant the requested relief because the Plaintiff is guilty of inequitable conduct regarding the issues in dispute.

71. Defendants assert that Plaintiff has failed to mitigate its damages. More specifically, it failed to exercise reasonable care to minimize its damages, if any, which could have been avoided with only slight expense and reasonable effort.

72. Defendants plead the affirmative defense of fraud. Plaintiff has engaged in a fraudulent scheme to divest the Properties from Defendants.

73. Defendants plead the defense of estoppel.

74. Defendants plead the defense of waiver and ratification.

75. All of Plaintiff's averments have not been stated with particularity as required by FED. R. CIV. P. 9(b). More specifically, Plaintiff's Complaint fails to specifically state all of the special damages being claimed by it.

76. The loan documents made the basis of Plaintiff's suit constitute adhesion contracts entered in to by Defendants under duress.

77. Defendants performance under the loan documents has been prevented by Plaintiff. More specifically, with regard to four of the six hotel properties, Plaintiff receives 100% of the revenues, pays itself and then returns the remaining funds to Defendants. The remaining funds serve as a financial resource to maintain the properties. Plaintiff has delayed payment of these funds to Defendants and/or withheld payment of those funds altogether, with the intent of impeding Defendants efforts to maintain and rehabilitate the properties, thus manufacturing alleged breaches of the loan documents and setting up Defendants for failure so that it can wrestle the properties away from Defendants.

## THE EVIDENCE PRESENTED SUGGESTS THAT PLAINTIFF LACKS STANDING TO BRING THIS LAWSUIT

78. It is well settled law that an essential element to a suit on a promissory note is that the plaintiff must prove that it is the legal owner and holder of the note. *Affordable Motor Co., Inc. V LNA, LLC* 351 S.W.3d 515 (Tex. App. - Dallas 2011) rev. denied; *In Re Arnette* 454 B.R. 663, U.S. Bankruptcy Court, N.D. Dallas 2011. Plaintiff's own exhibits attached to its complaint fail to establish that Plaintiff is the legal owner and holder of the notes in question. More specifically, Plaintiff has attached Exhibits 2-A through 2-F to support its claim that the notes were assigned via allonges from Prudential Capital Funding LLC to LaSalle Bank N.A. However, the purported

allonges are inexplicably undated. If Plaintiff is unable to prove that the allonges were executed prior to the notes being assigned to Plaintiff, Plaintiff's assignment would be void, resulting in a lack of standing.

## THE EQUITIES DO NOT FAVOR A RECEIVERSHIP IN THIS CASE

79. In the vast majority of cases involving the appointment of a receiver, the court is presented with a situation where the defendant has either defaulted in the payment of a loan, or has already had a judgement taken against it. That is not the case here. In this case, Defendants entered into six(6), ten-year loan agreements with Plaintiff in 2005, pledging six hotels as collateral for the loans. The loans mature in August 2015. Defendants have at all times kept the loans current by diligently making the monthly installment payments for over nine years without default. Now, in the 10th and final year of the loans, and after receiving nine years worth of loan payments, Plaintiff seeks to wrestle all six hotel properties from Defendants that they have owned for roughly 22 years. To add insult to injury, Plaintiff has insisted that Defendants execute the draconian "Pre-Negotiation Letter" attached to Defendant's Original Response in Opposition to Plaintiff's Application for Appointment of Receiver as Exhibit 1, before it would even speak with Defendants about addressing the issues complained of by Plaintiff. This letter seeks to require Defendants to waive practically every legal right under the sun that they may have, and allow Plaintiff to take any legal action it desires.

## RECEIVERSHIP IS ONE OF THE MOST RADICAL REMEDIES RECOGNIZED IN JURISPRUDENCE

80.     "A receivership may well be the most radical remedy known to Federal or Texas jurisprudence. It has the effect of crippling, and, in a majority of cases, putting an end to any business enterprise. It should never be applied where problems may be corrected and prevented by application of milder remedies." *Rex Refining Co. v. Morris*, 72 S.W.2d 687, 692 (Tex.Civ.App.-Dallas 1934, no writ). Plaintiff's application to employ such an extraordinarily harsh and, indeed, disfavored remedy "is regarded as one of the most difficult and embarrassing duties which a court of equity is called upon to perform," and, "[c]ourts frown upon such proceedings and are loath under the guise of judicial sanction to take from one person property in his possession to which he has the legal title and place it in the hands of another party." See *Bradley J.B. Toben & Keith C. Livesay*, Article 3827A and the *Maturation of the Creditor's Bill Remedy* in Texas, 37 BAYLOR L. REV. 587, 631-633 (1985), citing *Davis v. Hudgins*, 225 S.W. 73, 78 (Tex.Civ.App.-Dallas 1920, no writ); *Sims v. Stegall*, 197 S.W.2d 514, 516 (Tex. Civ. App.-Texarkana 1946, no writ).

81.     Because the appointment of a receiver is disfavored in law, *see, e.g.*, *Mallou v. Payne & Vendig*, 750 S.W.2d 251 (Tex. App.-Dallas 1988, writ denied), receivership should be invoked cautiously and sparingly. *See, e.g.*, *Theatres of America, Inc. v. State*, 577 S.W.2d 543, 547 (Tex.Civ.App.-Tyler 1979, no writ); *Covington Knox, Inc. v. State*, 577 S.W.2d 323, 326 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ). A receiver should not be appointed unless a clear showing of necessity is made and, ordinarily, unless there exists an actual danger of the

property being lost, removed or materially injured. *See, e.g., Hughes v. Marshall Nat. Bank*, 538 S.W.2d 820, 824 (Tex.Civ.App.-Tyler 1976, writ dism'd w.o.j.); *see also* TEX. CIV. PRAC. & REM. CODE §64.001(b). And, a receiver should not be appointed where a less drastic remedy is available to protect the property. *See, e.g., North Side Bank v. Wachendorfer*, 585 S.W.2d 789, 792 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ). Under the facts and circumstances of this case, receivership should be denied for a number of reasons.

## THE COURT IS NOT BOUND BY AN AGREEMENT CONTAINED IN THE LOAN DOCUMENTS FOR THE APPOINTMENT OF A RECEIVER

82. The loan documents contain a provision for the appointment of a receiver upon an event of default. Plaintiff argues that Defendants have "agreed to" the appointment of a receiver, and that Plaintiff is therefore contractually entitled to a receivership. Although such a provision may serve as one of the equities to be considered by the court, it is certainly not binding on the court. Plaintiff is not entitled to appointment of a receiver based upon such a contract provision contained in the loan documents. Under Texas law, and under the law of other jurisdictions, a contractual provision for the appointment of a receiver is not binding on a court, but is merely a factor to be considered. *Riverside Properties v. Teachers Insurance And Annuity Association of America,* 590 S.W.736 (Tex. App.- Houston [14th Dist.] 1979. See also *Barclays Bank P.L.C. v. Davidson Ave. Associates, Ltd.,* 644 A.2d 685, 687 (N.J. Super. 1994) (collecting cases from other jurisdictions holding that a contractual provision for appointment of receiver usurps the judicial function and, consequently, contravenes public policy). Plaintiff is not entitled to the appointment of a receiver as a matter of right.

83. Under the facts and circumstances of this case, Plaintiff cannot demonstrate to the court that this is an extraordinary case in which the harsh, drastic and disfavored remedy of receivership is appropriate.

## LEGAL STANDARD FOR APPOINTMENT OF A RECEIVER

84. Plaintiff seeks the appointment of a receiver under FED.R.CIV.P. 66. This rule gives federal courts the power to appoint a receiver to take possession of a debtor's property **for preservation** (emphasis ours). Whether to make the appointment or not lies in the sound discretion of the court. The form and quantum of evidence is also a matter of judicial discretion. In deciding whether to appoint a receiver, the courts consider the following factors:

1. Does the party seeking the appointment have a valid claim;

2. Is it probable that fraudulent conduct has occurred or will occur to frustrate the applicant's claim;

3. Does an imminent danger exist that the property will be concealed, lost or diminished in value;

4. Are applicant's other legal remedies inadequate;

5. Does a less drastic equitable remedy exist; and

6. Does the likelihood exist that appointing a receiver will do more good than harm.

*Santibanez v. Wier McMahon & Co.,* 105 F.3d. 234,241 (5th Cir. 1997); *Bank of America, National Association v Quik Way Foods of Dallas, Inc.* 2011 WL 3156275 (United States District Court, N.D.Texas, Dallas Division).

### THE COURT SHOULD NOT APPOINT A RECEIVER BECAUSE FIVE OF THE SIX *SANTIBANEZ* FACTORS WEIGH IN FAVOR OF A RECEIVER NOT BEING APPOINTED

**1. Defendants concede that Plaintiff may have a valid breach of contract claim and that this factor weighs in favor of Plaintiff.**

85. Unfortunately, two of the six hotel properties owned by defendants (Holiday Inn - Norman, Oklahoma owned by Norman Hospitality, Inc.) and (Best Western - Atoka Oklahoma by Atoka Hospitality, Inc.) have lost their flags. Defendants concede that Plaintiff may have a valid breach of contract claim as a result of this, and that this factor may weigh in favor of the appointment of a receiver.

**2. No fraudulent conduct has occurred or will occur to frustrate Plaintiff's breach of contract claim and this factor weighs in Defendants' favor**

86. In its original complaint, Plaintiff has not asserted a claim for fraud against any of the defendants, and for good reason. Unlike many of the cases where receivers are appointed by the court, there is no allegation that the defendants in this case have siphoned off revenues for personal gain. On the contrary, Defendants have for the past 56 months been funding a shortfall of approximately $25,000.00 per month.

**3. There is no imminent danger that the six hotel properties will be concealed, lost or diminished in value and this weighs in Defendants' favor**

87. Contrary to Plaintiff's conclusory allegations, there is no credible evidence that any of Plaintiff's collateral is in danger of being lost, removed or materially injured in the future. There is no evidence that Defendants' continued possession of the collateral would tend to "dissipate" or

"decimate" Plaintiff's interest in such collateral, as a result of Defendants' maintenance of the properties, as suggested by Plaintiff. Defendants continue to operate the hotels in a prudent manner and continue to fund any losses in connection with those operations. It is true that Defendants have experienced some problems in some markets. Flags for two of the hotels located in Oklahoma have been temporarily lost. Defendants are working to solve these issues and have in fact been planning a major renovation of the Norman and Atoka properties in an effort to improve the properties and regain the flags or acquire new ones. There is no imminent danger that the value of the hotels will be diminished in the future. Plaintiff next argues that two additional hotels are in danger of losing their franchise hotel flags. This argument is without support. There is no evidence that Defendants are unwilling or unable to address the items referred to in the most recent Brand Standards Report. On the contrary, Defendants have a plan of action in place to do just that in the event that the court does not appoint a receiver.

88.     The appointment of a receiver would almost certainly lead to a substantial diminution in the value of Plaintiff's collateral due to increased management costs, and the potential loss of key employees.

**4.     Because Plaintiff has adequate legal remedies without the appointment of a receiver, this factor weighs in Defendants' favor**

89.     Plaintiff's cause of action arises out of a breach of contract. The remedy for a breach of contract action is money damages and/or foreclosure of the collateral. Money damages and foreclosure are adequate legal remedies available to Plaintiff.

**5.    Because an equitable remedy less drastic than the appointment of a receiver exists**, **this factor weighs in Defendants' favor**

90.    Defendants are ready, willing and able to continue to remain current on the loans, and to continue to fund the monthly revenue shortfall of approximately $25,000.00. They are also prepared to manage and operate the hotels in a first class manner.

**6.    The likelihood is that the appointment of a receiver would do more harm than good, and this factor weighs in Defendants' favor.**

91.    The purpose of a receivership is to preserve property, and to prevent its loss, removal or material injury. *See, e.g., Lloyds of Texas v. Bobbitt*, 55 S.W.2d 803, 805 (Tex. Com. App.-Dallas 1932, writ dism'd); TEX. CIV. PRAC. & REM. CODE §64.001(b). The relevant property in this case is Plaintiff's collateral, which consists, generally, of Defendants' six hotels in North Texas and Southern Oklahoma.

92.    The appointment of a receiver would serve as a major impediment to Defendants obtaining refinancing of the project.

93.    A receiver cannot manage these properties any better than Defendants. It would not be able to do anything that Defendants cannot do. Although two of the six properties have recently encountered some problems, Defendants have a long and successful track record of operating hotels in North Texas and Southern Oklahoma. In an effort to resolve Plaintiff's complaints, Defendants are currently in discussions with a third party lender that they have been doing banking business with for more than 25 years to obtain financing. However, if a receiver is appointed, in all likelihood, those discussions will be chilled to the point that refinancing will not be available.

94. Appointment of a receiver under the unique facts and circumstances of this case would almost certainly lead to a reduction in the value of Plaintiff's collateral. First, appointment of a receiver would lead to an increase in middle management costs in connection with the operation of the hotels Premier Hospitality, Inc. ("Premier") currently operates. Premier has been in the business of operating hotels in various locations throughout North Texas and Southern Oklahoma for many years. Because Premier operates a number of hotels in the same vicinity it already employs managers who are able to oversee the hotels' operations in an efficient manner. If a receiver were appointed, the receiver could not possibly oversee the hotels' operation on a day-to-day basis in as much as the hotels are so widely dispersed. The receiver's only other option would be to employ a management company to operate the hotels. However, employing such a third-party management company would lead to a substantial increase in management costs.

95. It is commonly known in the hotel industry that when a receiver is appointed, the hotel rarely recovers and its revenues almost never return to the level experienced prior to the appointment of the receiver.

## THE HEARING ON PLAINTIFF'S APPLICATION SHOULD BE CONTINUED FOR A PERIOD OF 60 DAYS

96. As an alternative to the court deciding whether to appoint a receiver or not, Defendants request a continuance of an additional 60 days. Defendants continue to be engaged in serious discussions with a third party lender concerning refinancing. It is anticipated that the loan process will take approximately 30 more days. The prospects of refinancing are good. Plaintiff has not established that delaying the appointment of a receiver for 60 days will cause it harm. Assuming the alternate financing is approved, Plaintiff's alleged complaint should be resolved and Defendants would be able to continue to operate their hotels that they have operated for the past 22 years. Defendants request a 60 day continuance for the court to hear Plaintiff's application for appointment of receiver.

## CONCLUSION

97. To prevail on their Application for Appointment of Receiver, Plaintiff must demonstrate to the court that its collateral is in danger of being concealed, lost, or diminished in value. Under the unique facts and circumstances of this case, the converse is true. Appointment of a receiver by this court will grossly diminish the value of Plaintiff's collateral. Consequently, Defendants respectfully request that Plaintiff's Application for Appointment of Receiver be denied.

## COUNTERCLAIM

98. Defendants assert the following Counterclaim pursuant to FED. R. CIV. P. 13, 18, 19 and 20.

## DECLARATORY RELIEF

99. Defendants bring this action against Plaintiff/Counter-Defendant pursuant to 28 U.S.C. §2201 and §2202 and FED. R. CIV. P. 57.

100. Defendants hereby re-allege, adopt and incorporate the allegations contained in the paragraphs above as if fully copied and set forth at length herein.

101. Defendants are entities interested under written instruments and whose rights, status or other legal relations are affected by such written instruments. As such, pursuant to 28 U.S.C. §22.01 and §2202, it is entitled to have the Court determine and declare their rights, duties and obligations, as well as those of the Plaintiffs/Counter-Defendants, and award Defendants reasonable attorneys fees.

## PRAYER

102. FOR THESE REASONS, DEFENDANTS ask the Court to render judgment against Plaintiff for the following:

    a. that Plaintiff take nothing by its suit;

    b. recovery of reasonable and necessary attorneys' fees expended in the defense and prosecution of this action;

    c. costs of suit;

    d. judgment against Plaintiff for pre-judgment and post-judgment interest at the highest lawful rate;

    e. deny Plaintiff's Application to Appoint Receiver, or in the alternative, continue the hearing for a period of 60 days.

  f.  Defendants request such other and further relief, whether general or special, at law or in equity, to which they may be justly entitled.

              Respectfully submitted,


              __/*Michael C. Wynne*/_____
              MICHAEL C. WYNNE
              ATTORNEY IN CHARGE
              State Bar No. 22110800

              WYNNE & SMITH
              707 W. Washington
              P.O. Box 2228
              Sherman, Texas 75090
              Telephone: (903) 893-8177
              Telecopier: (903) 892-0916

              ATTORNEYS FOR DEFENDANTS/
              COUNTER-PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served upon the following party, by electronic filing, on this 2nd day of December, 2014:

    Christopher L. Chauvin
    christopher.chauvin@tklaw.com
    Matthew M. Mitzner
    matthew.mitzner@tklaw.com
    Thompson & Knight, LLP
    1722 Routh Street, Ste. 1500
    Dallas, TX 75201

                                            *//Michael C. Wynne//*
                                      _____
                                      MICHAEL C. WYNNE